NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-243-HRW

RENATO ACOSTA                                                                                           PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

DEVON YOUNGER                                                                                     DEFENDANT

      The plaintiff, Renato Acosta, is an inmate confined in the Federal Correctional Center in Ashland, Kentucky ("FCI-Ashland"). Proceeding *pro se*, he has filed a 28 U.S.C. §1331 complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 1]. He has also filed a motion to proceed *in forma pauperis* [Record No. 2], which is addressed by separate order entered this date. Plaintiff has named as defendant Devon Younger, in his official capacity, and seeks compensatory damages.

      The Court screens complaints asserting *Bivens* claims pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

Broadly construed, Plaintiff's complaint alleges that after his arrest, he was not informed of his rights under Article 36 of the Vienna Convention on Consular Relations to have the Mexican Embassy in Washington, D.C., informed of his arrest, in violation of his rights under the Sixth Amendment to the Constitution of the United States. Plaintiff has also raised this claim in his habeas corpus petition brought pursuant to 28 U.S.C. §2255, which remains pending before this Court. *Acosta v. United States*, 2:05-CV-160-JBC, Eastern District of Kentucky. In the present proceeding, Plaintiff requests two million dollars in damages.

Because the claim raised in Plaintiff's complaint, if proven, "necessarily demonstrate[s] the invalidity of [his] conviction," Plaintiff's cause of action, if any might exist, has yet to accrue. *Heck v. Humphrey*, 512 U.S. 477, 486-90 (1994) (any claim that would invalidate the plaintiff's conviction does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack). His complaint must therefore be dismissed. *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 352 (D.N.J. 2003) (applying *Heck* to claimed violation of Vienna Convention on Consular Relations).

In addition, the Sixth Circuit has held that the Vienna Convention does not grant a detained foreign national an enforceable right to consult with the diplomatic representatives of his nation. *United States v. Emuegbunam,* 268 F.3d 377, 394 (6th Cir. 2001). It is true that the United States Supreme Court granted *certiorari* to consider the Fifth Circuit's conclusion to the same effect, *Medellin v. Dretke,* --- U.S. ---, 125 S.Ct. 686 (December 10, 2004), but the Court subsequently dismissed *certiorari* as improvidently granted, *Medellin v. Dretke,* --- U.S. ---, 125 S.Ct. 2088 (May 23, 2005). Plaintiff's complaint therefore fails to state a claim upon which relief may be granted.

...

The Court concludes that an appeal from this Order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. §1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir.1997).

### **CONCLUSION**

Accordingly,  **IT IS ORDERED** as follows:

(1)  The plaintiff's complaint is **DISMISSED.**

(2)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This January 4, 2006.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge